IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00823–RMR–MDB

MARY C. AUSTIN,

    Plaintiff,

v.

JOHN STEWART ROBINSON, and
SUSAN KAY ROBINSON,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on two Motions filed by *pro se* Plaintiff Mary C. Austin: (1) "Notice of Motion and Plaintiff's Motion for Default Judgement [sic] Against Defendants: John Stewart Robinson; and Memorandum Points of Authority" (Doc. No. 30); and (2) "Notice of Motion and Plaintiff's Motion for Default Judgement [sic] Against Defendants: Susan Kay Robinson; and Memorandum Points of Authority." (Doc. No. 31). No further briefing has been filed as to either Motion, and the time to do so has lapsed. The Motions have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for recommendations regarding their disposition. (Doc. No. 34; *see* Doc. No. 39.) For the following reasons, it is **RECOMMENDED** that both Motions be **DENIED**.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending that your motions for default judgment be denied. Specifically, the Court finds there is insufficient proof that the Defendants were each served with both a summons *and* a complaint. In addition, the Court does not find support for the proposition that Susan Kay Anderson is an appropriate person to accept service on behalf of John Stewart Robinson. Because you are not represented by an attorney, the Court is recommending that you be given additional time to properly serve Defendants, and if appropriate, to file renewed motions for entry of default and default judgment should you so choose. This is only a summary of the Court's decision. The complete decision is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

On April 5, 2022, Ms. Austin commenced this lawsuit, pursuant to the Truth in Lending Act ["TILA"], 15 U.S.C. §§ 1601 *et seq.*, the Equal Credit Opportunity Act ["ECOA"], 15 U.S.C. §§ 1690 *et seq.*, the False Claims Act ["FCA"], 31 U.S.C.A. §§ 3729 *et seq.*, and the Real Estate Settlement Procedures Act ["RESPA"], 12 U.S.C. §§ 2601 *et seq.*, asserting twenty-five causes of action against Defendants John Stewart Robinson and Susan Kay Robinson [collectively, "Defendants"]. (Doc. No. 1 at 1-368-82.) The 85-page Complaint alleges that numerous individuals and entities "engaged in an outlandish scheme" to "defraud" Plaintiff, who is a disabled United States Army veteran, in connection with a $300,000 mortgage loan that Plaintiff obtained for the 2019 purchase of residential property located at 29645 Wilkerson View, Calhan, Colorado 80808. (*Id.* at 2-3, 5-8, 27-36, 40.) Plaintiff alleges that Defendants, from whom she apparently purchased the property, conspired with various lenders, brokers, and real

estate agents to "create[] a Dirty Title" on the property, so as to "line their pockets with money and potentially take back the home." (*Id.* at 36, 59, 60.) Plaintiff further alleges that Defendants failed to disclose pertinent information relating to the condition of the property, and "knowingly sold" her the property "without repairing" several "noted deficiencies." (*Id.* at 52-53.) In addition, Plaintiff complains that Defendants continued to occupy the property for several weeks after the sale, without her "knowledge or permission," and that they later "trespassed" onto the property, in an attempt to "intimidate and harass" her and her family. (*Id.* at 44, 66-67.)

The Complaint sets forth the following causes of action: (1) "Disclosure Violation Pursuant to 15 U.S.C. 1635, Et. Seq. [sic];" (2) "Missing Statements Violation, Pursuant to 15 U.S.C. 1635, E.T. [sic];" (3) "Missing Disclosure Statements Violation, Pursuant to 15 U.S.C. Section 1638, Et. [sic] Seq.;" (4) "Disclosure Violations, Pursuant to Title 12 Code of Federal Regulations Section 226, Et. [sic] Seq.;" (5) "Right to Rescind Violation, Pursuant to Title 12 Code of Federal Regulations Section 226, Et. [sic] Seq.;" (6) "Right to Cancel Violations, Pursuant to Title 12 Code of Federal Regulations Section 226, Et. [sic] Seq.;" (7) "Deceptive Grouping Violations, Pursuant to Title 12 Code of Federal Regulations Section 226, Et. [sic] Seq.;" (8) "No Good Faith Estimate Violations, Pursuant to Title 12 Code of Federal Regulations Section 226, Et. [sic] Seq.;" (9) "Consumer Statement Missing Violations, Pursuant to Title 12 Code of Federal Regulations Section 226, Et. [sic] Seq.;" (10) "Disclosure Violations, Pursuant to Title 15 U.S.C. Section 1601, Et. [sic] Seq. and Regulation Z;" (11) "Failure to Disclose Calculation of Mortgage Balance, Pursuant to Title 12 CFR Section 226.4, Et. [sic] Seq.;" (12) "Failure to Disclose Itemization of Charge, Pursuant to Title 12 USC [sic] 2610 Et. [sic] Seq.;" (13) "Inflation of Acceleration Fees, in Violation of Title 12 USC [sic] Section 2610, Et. [sic]

Seq.;" (14) "Inflation of Acceleration Fees, in Violation of Title 12 USC [sic] Section 2610, Et. [sic] Seq.;" (15) "Failure to Disclose Date, in Violation of Title 12 USC [sic] Section 2610, Et. [sic] Seq.;" (16) "Failure to Provide Copies of Mortgage, in Violation of 15 USC [sic] Section 1601, Et. [sic] Seq.;" (17) "Failure to Obtain Signed Loan Documents, in Violation of 15 USC [sic] Section 1601, Et. [sic] Seq. and Title 12, Regulation Z, Part226 [sic] Et. [sic] Seq.;" (18) "Failure to Disclose Use of Settlement Fees in Violation of Title 12, Regulation Z and 15 USC [sic] Section 1601, Et. [sic] Seq.;" (19) "Failure to Disclose Lower Interest Rate, in Violation of 12 USC [sic] Section 2601, Et. [sic] Seq.;" (20) "Failure to Disclose Loan Origination Fee, in Violation of 12 USC [sic] Section 2601, Et. [sic] Seq.;" (21) "Failure to Give 3 Day Cooling Period, in Violation of 15 USC [sic] Section 1601, Et. [sic] Seq. and Regulation Z;" (22) "Failure to Give Conspicuous Writings, in Violation of 15 USC [sic] Section 1601, Et. [sic] Seq. and Title 12 Code of Regulations, Section 226.18;" (23) "Failure to Give Proper Notice of Default and Rights to Cure and Acceleration Notice, in Violation of 12 USC [sic] 2601 Et Seq[.], 15 USC [sic] Section 1601, Et. [sic] Seq. and Title 12 Code of Federal Regulations, Section 226.18;" (24) "Violation Failure to Disclose Interest Rate Pursuant to Regulation Z, Part 226.4;" and (25) "Injunctive Relief." (*Id.* at 68-82.) As relief, Plaintiff requests, among other things, "clear title to property with fixtures," "return of the down payment," "return of all mineral rights," and damages in excess of $3 million. (*Id.* at 82.)

On April 5, 2022, the Clerk of Court issued summonses and mailed them to Plaintiff for service of process on Defendants. (Doc. No. 3.) On April 25, 2022, Plaintiff filed proofs of service, indicating that John Stewart Robinson and Susan Kay Robinson were each served with process on April 22, 2022. (Doc. No. 4.) After Defendants' responsive pleading deadline then

4

lapsed, on May 16, 2022, Plaintiff moved for entry of default, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. Nos. 17-18.) The Clerk entered default against both Defendants two days later, on May 18, 2022. (Doc. Nos. 25-26.) Plaintiff now moves for the entry of default judgment against Defendants, in accordance with Federal Rule of Civil Procedure 55(b). (Doc. Nos. 30-31.)

## STANDARDS OF REVIEW

### I.   *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). This rule applies to all proceedings involving a *pro se* litigant, including default judgment proceedings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991); *see, e.g.*, *Hawkinson v. Obrien*, No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, at *4 (D. Colo. July 2, 2020) (liberally construing *pro se* pleadings in review of a motion for default judgment). However, Ms. Austin's *pro se* status does not vitiate her obligation to adhere to, and comply with, "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that a *pro se* litigant must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). Thus, while the Court makes "some allowances" for Ms. Austin's "failure to cite proper legal authority, h[er] confusion of various legal theories,

5

h[er] poor syntax and sentence structure, or h[er] unfamiliarity with the pleading requirements," the Court will not "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall,* 935 F.2d at 1110) (alteration omitted); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [*pro* se] plaintiff in the absence of any discussion of those issues").

## II.     Federal Rule of Civil Procedure 55

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. Federal Rule of Civil Procedure 55 mandates a two-step process for the entry of a default judgment. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Second, the party must either request the Clerk to enter default judgment, if the claim is for a "sum certain," or, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). In exercising that discretion, the Court recognizes that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* The remedy

serves to protect a plaintiff from "interminable delay and continued uncertainty as to h[er] rights." *Id.* at 733.

Before entering default judgment, the Court must consider whether it has subject matter jurisdiction over the action and personal jurisdiction over each defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Next, the Court must consider whether the well-pleaded allegations of fact—which are admitted by a defendant upon default—support a judgment on the claims against each defaulting defendant. *See Tripodi*, 810 F.3d at 765 ("[E]ven in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations. The judgment must be supported by a sufficient basis in the pleadings."). If the Court finds that "the unchallenged facts create a legitimate basis for the entry of a [default] judgment," default judgment may then be entered. *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (citation omitted).

## ANALYSIS

**I.      Jurisdiction**

As noted above, in determining whether the entry of a default judgment is warranted, the Court must first consider whether it has both subject matter jurisdiction and personal jurisdiction. *Williams*, 802 F.2d at 1203.

**A. Subject Matter Jurisdiction**

The Court finds that it has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims under TILA, ECOA, RESPA, and the FCA, all of which are federal statutes. *See SEC v. Hartman Wright Grp., LLC*, No. 19-cv-02418-PAB-MEH, 2022 WL 669758, at *3 (D. Colo. Mar. 7, 2022) ("This Court has subject matter jurisdiction over

Plaintiff's Complaint pursuant to 28 U.S.C. § 1331. This is because Plaintiff alleges violations of federal statute.").

### B. Personal Jurisdiction

The entry of default judgment in a civil action requires personal jurisdiction over the defaulting defendant. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant."). However, before analyzing personal jurisdiction, the Court must first address the adequacy of service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992) ("[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."); *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) ("default judgment subject to attack as void for failure to serve defendant").

The Complaint identifies Defendants John Stewart Robinson and Susan Kay Robinson as individuals who reside in Highlands Ranch, Colorado. (Doc. No. 1 at 2.) Federal Rule of Civil Procedure 4(e) ["Rule 4(e)"], which governs service of individuals, provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an

individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Colorado, the forum state here, authorizes service of a natural person above the age of eighteen as follows: (1) "by delivering a copy [of the summons and complaint] to the person;" (2) "by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent;" or (3) "by delivering a copy to a person authorized by appointment or by law to receive service of process." Colo. R. Civ. P. 4(e)(1). If this cannot be accomplished, a plaintiff may serve a defendant by filing a motion for substituted service. Colo. R. Civ. P. 4(f)-(g).

In this case, the proofs of service filed by Plaintiff indicate that Susan Kay Robinson was personally served with the summons, on April 22, 2022, at the following address: "WILKERSON VIEW CALHAN, CO 80808." (Doc. No. 4-1.) Service of John Stewart Robinson was purportedly also accomplished on April 22, 2022, by serving Susan Kay Robinson with the summons at that same address. (Doc. No. 4.) The proof of service directed at John Stewart Robinson states that Susan Kay Robinson " is designated by law to accept service of process on behalf of" John Stewart Robinson, because "SUSAN KAY ROBINSON (is the wife) [of] JOHN S. ROBINSON." (*Id.* at 1.)

The Court finds that Plaintiff's attempted service of Defendants is deficient in certain respects. First, the proofs of service indicate only that the summons was served on Defendants. (Doc. No. 4 at 1; Doc. No. 4-1 at 1.) For service to be effective, however, "[a] summons must be

9

served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *see* Colo. R. Civ. P. 4(c) ("[T]he complaint *shall* be served with the summons[.]") (emphasis added). Because there is no evidence that Defendants were served with the Complaint, *in addition to* the summons, Plaintiff has failed to carry her burden to show that the requirements for service have been satisfied. *See Seeberger v. Goodman*, No. 2:14-cv-1063-GBW-WPL, 2015 WL 13659258, at *25 (D.N.M. Aug. 25, 2015) (finding service to be ineffective, where the affidavits of service "d[id] not indicate that a copy of the complaint was delivered"); *see also Kawall v. New Jersey*, 678 F. App'x 86, 87 (3d Cir. 2017) (finding "no error in the denial of entry of default" for lack of service, where plaintiff's affidavit of service stated "he had served only the summons, and not the complaint, as required by Fed. R. Civ. P. 4(c)(1)"); *Reaves v. RCS Cap. Partners, Inc.*, No. 1:19-CV-02017-CC-AJB, 2020 WL 7395558, at *2 (N.D. Ga. Jan. 8, 2020) (denying a motion for default judgment, where affidavit of service "d[id] not affirmatively state that Defendant's registered agent [] was served with a copy of the complaint"); *Frazier-Alexis v. Super. Ct. of V.I.*, No. CV 16-81, 2019 WL 1466743, at *3 (D.V.I. Apr. 3, 2019) (finding "that Defendants were never properly served" where "Plaintiff filed an affidavit of service relating to only one of [his] attempts, and in that attempt, the affiant stated that he served only the summons").

In addition, the Court finds that the manner in which Plaintiff attempted to serve John Stewart Robinson—by serving process on Susan Kay Robinson at the Wilkerson View address—fails to satisfy the requirements of Rule 4(e).[1] Specifically, there is nothing in the record to

---

[1] In both Motions, Plaintiff asserts that she "properly served the Defendants with the Complaint and summons pursuant to Federal Rule of Civil Procedure 4(h)(1)(B)." (Doc. No. 30 at 5; Doc. No. 31 at 5.) However, Rule 4(h) addresses the requirements for service of corporations, partnerships, and other such entities. Given that Defendants are natural persons, they must be served in accordance with Rule 4(e).

suggest that "WILKERSON VIEW CALHAN, CO 80808" is John Stewart Robinson's "dwelling or usual place of abode," or his "usual workplace." Fed. R. Civ. P. 4(e)(2)(B); Colo. R. Civ. P. 4(e)(1). Nor is there any evidence suggesting that Susan Kay Robinson is John Stewart Robinson's authorized agent to receive service of process on his behalf.[2] Fed. R. Civ. P. 4(e)(2)(C); Colo. R. Civ. P. 4(e)(1). Without additional information, the Court cannot determine whether personal service of Susan Kay Robinson at the Wilkerson View address constituted effective service of John Stewart Robinson. *See Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-cv-03556-RM-GPG, 2020 WL 9424264, at *3 (D. Colo. April 28, 2020) (finding service of a defendant to be insufficient under Colorado Rule 4(e)(1), where the process server merely left the summons and complaint with an individual located at the defendant's place of business, but there was nothing in the record to suggest that the individual was an appropriate person to receive service on behalf of the defendant).

Therefore, because Plaintiff has not shown that John Stewart Robinson and Susan Kay Robinson were properly served with a summons and complaint in this action, the Court lacks

---

[2] The proofs of service indicate that John Stewart Robinson and Susan Kay Robinson are married to each other. (Doc. No. 4 at 1.) However, there is nothing in the record to suggest that Susan Kay Robinson had any specific authority to receive service of process on behalf of her husband, or that any agency relationship existed between them for purposes of service of process. *See Cohen v. Skepple*, No. 2011-0076, 2012 WL 3779645, at *4 (D.V.I. Aug. 31, 2012) (finding that attempted service of an individual by serving that individual's spouse, without more, did not satisfy requirements of Rule 4(e)(2)(C)); *Sheet Metal Workers Int'l Ass'n Local Union 1 v. Senica Cooling & Heating, LLC*, No. 10-cv-1040, 2010 WL 2594785, at *1 (C.D. Ill. June 25, 2010) (holding service was not perfected on defendant's husband under Rule 4(e)(2), because there was "no indication in the record that [the wife was] indeed an agent of . . . the Defendant"). Accordingly, Plaintiff's attempted service of John Stewart Robinson, through his wife, at an address that is not shown to be their home or dwelling, does not comply with the requirements of Rule 4(e) for service on individuals.

personal jurisdiction over both Defendants. *See Omni*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Accordingly, an entry of default judgment is not appropriate here. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) (setting aside a default judgment due to ineffective service of summons and complaint); *see also Pumphrey v. Wood*, 628 F. App'x 615, 616 (10th Cir. 2016) (affirming the denial of *pro se* plaintiff's motion for default judgment for lack of service).

Further, the time for service in this case has expired. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). As of this date, more than ninety days have passed since Plaintiff filed her Complaint, and service has not been perfected as to either Defendant.

However, given Plaintiff's *pro se* status, the Court finds "good cause" to extend the deadline to effectuate proper service under Rule 4. *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure [to perfect service], the court must extend the time for service for an appropriate period."). If Plaintiff is able to complete service in conformity with Rule 4, she should be permitted, if appropriate, to file renewed motions for entry of default and default judgment.

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that:

(1) The "Notice of Motion and Plaintiff's Motion for Default Judgement [sic] Against Defendants: John Stewart Robinson; and Memorandum Points of Authority" (Doc. No. 30) be **DENIED**.

(2) The "Notice of Motion and Plaintiff's Motion for Default Judgement [sic] Against Defendants: Susan Kay Robinson; and Memorandum Points of Authority" (Doc. No. 31) be **DENIED**.

(3) Plaintiff be granted sixty (60) days from the date that this Report and Recommendation is ruled upon, in which to properly serve Defendants and file proofs of service with the Court.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: January 27, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge